[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPEARANCE
The Supreme Court in Goldenberg v. Corporate Air Inc.,189 Conn. 504 (1983), set forth the criteria to be considered in motions to disqualify counsel because of prior representation.
Here, the plaintiff has established his prior attorney-client relationship with Mr. Keefe. (See Westinghouse Electric Corp. v. Kerr McGee Corp., 58 F.2d 1311 (1978); Liu v. Real Estate Investment Group, Inc., 711 F. Sup. 83 (S.D.N.Y.) (1991)). While Mr. Keefe has no recollection of conversations at issue here, the testimony of Mary Grace Mastrangelo persuades the court that conversations eliciting legal advice took place with Mr. Keefe and others in his firm.
There is no question that the matters discussed with Mr. Keefe are substantially related to his representation in this matter. Once a substantial relationship is found between pending litigation and prior representation, it is presumed that the client has revealed privileged information to the attorney. CT Page 7269 Smith v. Whatcott, 757 F.2d 1098 (10th Cir. 1985). This presumption is rebuttable. (See id. and cases cited therein.)
The fact that some general information was disclosed to the press does not rebut the presumption that information disclosed to Mr. Keefe was confidential. The plaintiff has sustained his burden of proof in this matter.
The defendant's interest in counsel of his choice demands that there be true risk of tainting the case if his choice is honored. That risk exists here; the motion is granted.
Elaine Gordon, Judge